## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN M. CRAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. |
| | ) |
| CIT BANK, CIT GROUP INC., | ) |
| JOHN A. THAIN, individually, | ) |
| THOMAS WARREN CENTER, individually, | ) |
| HC PROCESSING CENTER, and | ) |
| DENT A MED INC. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL OF ACTION FROM STATE COURT

The defendants CIT Bank and CIT Group Inc., with the consent of each of the other

named defendants in this action (who have not yet been served), hereby remove this action from

the Massachusetts Superior Court (Essex), pursuant to 28 U.S.C. § 1441(a).   In support of this

Notice, defendants state as follows:

1.   CIT Bank and CIT Group Inc. are defendants in an action denominated *Robin M.*

   *Craft v. CIT Bank, CIT Group Inc., John A. Thain, individually, Thomas Warren*

   *Center, individually, HC Processing Center, Dent A Med, Inc., Essex (MA) Superior*

   *Court Civil Action No. 2011-0690-D* (the "Essex Action").

2.   Plaintiff Robin M. Craft is an individual with her residence in the commonwealth of

   Massachusetts.

3.   Defendant CIT Bank is a corporation organized under the laws of the state of Utah

   with its principal place of business in the state of Utah.

1

4. Defendant CIT Group Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of New Jersey.

5. Defendant John A. Thain is an individual with his residence in the state of New York.

6. Defendant Thomas Warren Center is an individual with his residence in the state of Arkansas.

7. Defendant HC Processing is an unincorporated division of defendant Dent-A-Med, Inc. which is a corporation organized under the laws of the state of Oklahoma with its principal place of business in the state of Arkansas.

8. Diversity of citizenship exists between the plaintiff and each of the defendants, and none of the defendants reside in this district.

9. CIT Group Inc. and CIT Bank were served with process in the Essex Action on May 19, 2011. No other defendant has yet been served with process in the Essex Action. Each other defendant consents to this removal.

10. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The Plaintiff has claimed damages of $125,000 on the civil action cover sheet in the Essex Action. *See Exhibit 1.*

11. This action is between citizens of different states. Under 28 U.S.C. § 1332(a), this Court has original and concurrent jurisdiction over this action. Removal is appropriate under 28 U.S.C. § 1441(a). This court has venue under 28 U.S.C. § 1391(a).

12. Copies of all process, pleadings and orders served upon the defendant are attached pursuant to 28 U.S.C. § 1446(a). The summons and complaint are attached. *See Exhibit 2.*

*13.* Certified copies of all records and docket entries in the Essex Action will be filed

with this Court with the time permitted by Local Rule 81.1.


CIT BANK and
CIT GROUP, INC.

By their attorneys,


  /s/  Thomas P. Smith
Thomas P. Smith (BBO #555513)
 Caffrey &  Smith, P.C.
 300 Essex Street
 Lawrence, MA 01840
 Tel.  (978) 686-6151
 Fax  (978) 683-3399
 tsmith@caffreysmith.com

Date:   June 6, 2011

Certificate of Service

I, Thomas P. Smith, hereby certify that I served a true copy of the foregoing document by use of the ECF electronic filing system and by mailing a copy, first class postage pre-paid, to the following non-registered parties on this 6th Day of June, 2011:

Robin M. Craft,  2 Manila Avenue, Amesbury, MA 01913


     /s/  Thomas P. Smith

# EXHIBIT 1

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

DOCKET NO(S) _2011-690 D_

PLAINTIFF(S)  _Robin McCraft_

DEFENDANT(S)  _CIT Bank; CIT Group Inc John A. Thain Thomas Warren Center_

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

ATTORNEY (if known)  _FDC Proceeding & Dent Acme_

Board of Bar Overseers number:

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.  _A02_   TYPE OF ACTION (specify)  _Contract_   TRACK  _(F)_   IS THIS A JURY CASE?   (X) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................... $ .............
2. Total Doctor expenses ............................................... $ .............
3. Total chiropractic expenses ............................................... $ .............
4. Total physical therapy expenses ............................................... $ .............
5. Total other expenses (describe) ............................................... $ .............
   Subtotal $ .............
B. Documented lost wages and compensation to date ............................................... $ .............
C. Documented property damages to date ............................................... $ .............
D. Reasonably anticipated future medical and hospital expenses ............................................... $ .............
E. Reasonably anticipated lost wages ............................................... $ .............
F. Other documented items of damages (describe)
   $ .............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   $ .............
   TOTAL $ .............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):  _Breach of Contract, Violation of 93 A For Unfair & Deceptive business practices_

TOTAL $ _1,25,898.0_

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  _pro se_   DATE: _4/3/11_

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# EXHIBIT 2

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* ( TORT  -  MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                       SUPERIOR COURT
                                                                                 CIVIL ACTION
                                                                                 No. 2011-690-D

*Robin MCraft*

......................................................., Plaintiff(s)

v.

*CIT Bank, CIT Group Inc.*, Defendant(s)
*John A Thain, Thomas Warren Carter, HC Processing*
*Rent A MED*

## SUMMONS

To the above named Defendant:

   You are hereby summoned and required to serve upon ......*Robin MCraft* ......,

plaintiff's attorney, whose address is *Pro Se   2 Manila Ave; Amesbury Ma* ; an answer to the
*01913*

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at *Essex Supe*

*Court 43 Appleton Way* either before service upon plaintiff's attorney or within a reasonable time thereafter.
*Lawrence Ma. 01841*
   Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

             WITNESS, BARBARA J. ROUSE     , Esquire, at Salem, the  *25th*

             day of  *April*                             , in the year of our Lord two thousand  *11*

*Thomas H. Driscoll Jr.*

                                                                          Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____ , 20      , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____ , 20    .           _____

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

```
┌─────────────────────────────────────┐
│                                      │
│                          , 20        │
│                                      │
└─────────────────────────────────────┘
```

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No.

Robin Myatt
Plaintiff(s)

v

CIT Group Inc.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                        SUPERIOR COURT DEPT.

CIVIL ACTION NO. **2011-690-D**

ROBIN M CRAFT

Plaintiff,

v.

CIT BANK

CIT GROUP INC.

JOHN A. THAIN  INDIVIDUALLY

THOMAS WARREN CENTER INDIVIDUALLY

HC PROCESSING CENTER

DENT A MED INC.

Defendants.

---

## COMPLAINT

---

### PARTIES

1. The plaintiff, Robin M Craft is an individual residing in the state of Massachusetts.

2. The defendant, CIT BANK is a bank charted in Utah and conducts in lending and extending credit to consumers within the Commonwealth of Massachusetts and has a principal place of business located at One CIT Drive, Livingston, New Jersey. CIT Group Inc. is a wholly owned division/entity of CIT BANK operating out of the same principal address with the same and or similar business activities.

3. The defendant, John A Thain is an employee of CIT GROUP INC. operating out of the location at One CIT Drive, Livingston, New Jersey.

4. The defendant, Thomas Warren. Center is the owner and president of Dent A Med Inc. and HC Processing Center which both entities operating its business within the Commonwealth of Massachusetts by extending Massachusetts consumers lines of credit. The defendants have a principal place of business located at 203 east Emma Ave, suite A, Springdale AR.

5. The defendants HC Processing and Dent A MED Inc. have a principal place of business located at 203 East Emma Ave, Springdale, Arizona.

## INTRODUCTION TO THE FACTUAL ALLEGATIONS

1. The plaintiff, Robin M Craft is a consumer and the cardholder pertaining to the CIT/ HC Processing credit card account.

2. The defendant CIT BANK is the actual debt holder of the plaintiff's credit card account.

3. Each of the named defendants through its representatives and or employees committed fraud on said account held by the plaintiff. These transactions are defined by the each of the named defendants engaging in outright deception by claiming to be owed monies for goods and services the plaintiff did not ever receive. In addition the defendants refused to acknowledge that the plaintiff had after placing the original Tempurpedic order the plaintiff made significant changes to the order with a reduction and elimination of goods. The changes made by the parties were agreed upon pursuant to that order were authorized by Tempurpedic but were never processed. The plaintiff was charged for merchandise that was never part of the original order. HC Processing Center refused to remove the erroneous charges for goods that the plaintiff did not authorize. The plaintiff incurred exorbitant interest rate increases, erroneous late fees and charges applied to the plaintiff's account by HC Processing. HC Processing engaged in using a bait and switch tactic to lure and entice the plaintiff into higher interest rates, using unfair and deceptive debt collection practices under state and federal laws. In addition the named defendants have willfully conspired to fabricate events and conceal documents to avoid liability.

4. The plaintiff never received proper information, including documents after the plaintiff lodged formal disputes on said account for bogus fees and charges applied to the CIT credit card account. The defendant CIT Bank failed and or refused to properly process and respond to the plaintiffs' formal disputes. CIT Bank and HC Processing are a habitual offenders in using and participating in unfair and deceptive business tactics. CIT and HC Processing have repeatedly been sued by consumers and various state Attorneys General for engaging in these unlawful and devious tactics.

5. The defendant, CIT asserted that the plaintiff would receive immediate relief pursuant to all representations made by HC Processing and its agents and or representatives and to date has refused to honor those representations.

6. The defendant, HC Processing engaged in unlawful and abusive debt collection practices from 2008 through present date for the sole purpose to collect on a debt for CIT. HC Processing and Dent A Med engaged in calling the plaintiff between four to eight times per day over the course of two years in an attempt to harass and bully the plaintiff.

7. The defendants HC Processing and CIT have engaged in fraud, libel and slander by reporting to the three national credit bureaus that a repossession had occurred. The defendants stated that the current status was Repossession and did so to embarrass and to damage and ruin the plaintiffs credit history and score for the past two years.

8. The defendants John A. Thain and Warren C. Center were advised of the plaintiff claims against them personally and their company CIT but refused to take corrective action.

9. Each of the named defendants have violated Federal and State Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

10. The defendant Thomas Warren Center has been in direct contact with the plaintiff on several occasions and agreed and authorized to pay the plaintiff $10,000.00 to settle the claims asserted herein. The terms and conditions of the proposed settlement agreement Mr. Center offered was designed to punish and hold the plaintiffs credit report and credit history hostage for the payment of $10,000.00. The release also included terms and conditions that defied logic, reason and fairness to the very claims that the defendants agreed to settle. The plaintiff would suffer irreparable harm and further and subsequent damages that includes fraud, unjust enrichment, unfair credit reporting and slander.

11. The defendants named in this complaint and their agents, representatives and or employees have knowingly and willingly engaged in deceit, fraud, unlawful and unethical tactics that include harassment and material misrepresentation. CIT Bank and their agent's actions are not only outrageous it lacks even a kernels worth of common decency. Due to the named defendants ongoing bad faith and unlawful actions the plaintiff is forced to commence litigation.

## COUNT I AND FIRST CLAIM FOR RELIEF

Robin M Craft

v.

CIT Bank, CIT Group Inc., John A. Thain, Thomas Warren Center, HC
Processing and Dent A Med Inc.

### Negligent Material Misrepresentation

11. The plaintiff repeats and re-alleges each and every allegation contained in
paragraphs 1 through 10 inclusive with the same force and effect as if expressly set
forth herein.

12. Defendants have unlawfully set forth terms and conditions in credit card transactions
and or contract that are unfair, deceptive and in violation of Massachusetts lending/
credit card laws.

13. Defendants engaged in deceiving the plaintiff by representing that a corrective action
to reduce the inflated principal balance would be forthcoming and to date has failed to
provide the plaintiff with a fair monetary settlement in accordance with the facts and
claims relating to the consumer credit account. The defendants proposed settlement
terms that would pay them a portion of the settlement funds. The defendants are not
entitled to claim that they are owed for goods that the plaintiff did not receive and the
plaintiff filed a formal dispute with the defendants and to date no response was
provided.

14. The defendants misrepresented the true facts and engaged in fraud by stating on the
plaintiffs credit report that a repossession had occurred. In addition the defendants
claim without any basis in fact that they are owed for merchandise the plaintiff did
not receive and or authorize.

15. The plaintiff was purposely misled by the defendants that full disclosure and
complete transparency would be furnished as part of the credit card dispute process
and to date that has not transpired. The defendants have intentionally engaged in
willful concealment of documents and or evidence to avoid liability to the plaintiff.

WHEREFORE, the plaintiff prays that this Honorable Court:

   (i)     Under Count I enter judgment against the defendants in such an amount that
the proof at trial shall show;

  (ii)     Award the plaintiff prejudgment interest and costs; and

 (iii)     Grant such other and further relief as this Court deems just and proper.

### COUNT II AND SECOND CLAIM FOR RELIEF

Robin M Craft

**v.**

CIT Bank, CIT Group Inc., HC Processing, John A. Thain.
Thomas Warren Center and Dent A Med

## Fraud

16. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 inclusive with the same force and effect as if expressly set forth herein.

17. The defendants engaged in outright fraud by representing that the plaintiff would be held liable for the inflated principal balance on the CIT credit card account and contract. To date the defendants have tried to enforce the unfair terms and conditions they applied to said account.

18. The defendants knowingly and willfully misrepresented the material facts in this case and have refused to properly and fairly process the plaintiff's disputes regarding the unfair tactics used by CIT and HC Processing. The full purpose of this litigation is to enforce the compliance and be duly compensated for all unlawful actions the defendants engaged in.

19. The defendants knowingly and willfully represented to the plaintiff that she would be compensated for the erroneous credit reporting wherein the credit card accounts are reporting as repossessed.

20. The defendants further engaged in fraud by deceiving the plaintiff by refusing to:
a) investigate the matter and provide a formal response upon first notice and
b) refusing take any corrective action to remove the erroneous information.
The defendants should know or should reasonably known that this fraudulent and fabricated information contained on the plaintiff's credit report would have a negative impact on the plaintiff. In addition, CIT promised relief to the plaintiff by asserting to appoint a "manager" to settle the matter in its entirety.

21. The defendants knowingly and willing promised the plaintiff to resolve the matter pursuant to the 93- A demand and to date this has not happened.

22. The defendants have acted willfully and knowingly by assuring the plaintiff that they would take immediate action to fully look into the matter and follow up with the plaintiff with a resolution. The defendants should know or should have reasonably known that their representations were being expressly relied upon by the plaintiff. These defendants have refused to evaluate and resolve this matter based on the material facts. These specific facts include but are not limited to: plaintiff's and HC Processing/Dent A Med phone records, 93-A dispute letters to HC Processing and CIT and the plaintiff's credit reports.

23. The defendants have acted with intentional malice by willfully withholding and or fabricating events for the sole purpose to deceive the plaintiff out of money and to avoid liability to the plaintiff for the unfair and deceptive business practices.

WHEREFORE, the plaintiff prays that this Honorable Court:

    (i)Under Count II, enter judgment against the defendants in such an amount as the proof at trail shall show;

    (ii) Award the plaintiff prejudgment interests and costs; and

    (iii) Grant such other and further relief as this Court deems just and proper.

## COUNT III AND THIRD CLAIM FOR RELIEF

Robin M Craft

v.

CIT Bank, HC Processing Center, HC Processing and Thomas Warren Center

### Breach Of Contract

24. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 inclusive with the same force and effect as if expressly set forth herein.

25. The defendants through its representatives and material documents represented to the plaintiff the guarantee to correct the fees, charges and interest rates associated with the credit card contracts in accordance with specific statutory guidelines and failed to do so.

26. The defendants, have failed to address the complaints of the plaintiff in accordance with their own representations. It is common knowledge that CIT Bank and HC Processing have repeatedly offended its statutory and moral obligations to its consumers.

27. The defendants have failed and or refused to honor any of the representations asserted therefore breaching their contractual obligations to the plaintiff. The defendants' misrepresentations in writing have caused the plaintiff to suffer damages. These damages include but are not limited to: infliction of emotional distress, loss of revenue, invasion of privacy, loss of advantageous relations, interference with advantageous contractual relations and injury to credit history and credit score.

28. The defendants have failed and or refused to honor its contractual obligations with the plaintiff. The facts clearly demonstrate that the defendants reneged on said agreements and representations. The defendants assumed any and all liability and accountability for subsequent damages they caused the plaintiff. The plaintiff is

entitled to further relief for the defendants blatant and willful disregard to honor their statutory and contractual obligations to the plaintiff. The defendants have refused to correct and remove the derogatory information it is submitting to the national credit reporting agencies as promised.

WHEREFORE, the plaintiff prays that this honorable Court:

(i)     Under Count III, enter judgment against the defendants in such an amount as the proof at trial shall show;

(ii)    Award the plaintiff prejudgment interest and costs; and

(iii)   Grant such other and further relief as this Court deems just and proper.

## COUNT IV AND FOURTH CLAIM FOR RELIEF

Robin M Craft
v.
CIT Bank, CIT Group Inc., HC Processing Center, Dent A Med
and Thomas Warren Center

### Negligence

28. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 inclusive with the same force and effect as if expressly set forth herein.

29. The named defendants are negligent for failing to honor all representations made to the plaintiff. These representations include that the plaintiff would in fact not be compromised or suffer any further harm by the actions of the defendants.

30. The defendants liability for negligence does not end with the failure to provide relief to the credit card contract as represented. The plaintiff has been unfairly subjected draconian tactics used by the by the defendants to collect on the alleged debt. The defendants have invented evidence for the sole purpose to deceive and sabotage the plaintiff's claims against them. In addition CIT and HC Processing Bank have been negligent for failing to properly train and supervise its employees in Massachusetts and Federal laws pertaining to unfair debt collection practices. CIT Bank and HC Processing are negligent in allowing its agents, employees and representatives to engage in unfair, abusive and harassing debt collection activity.

WHEREFORE, the plaintiff prays that this Honorable Court:

(i) Under Count IV enter judgment against the defendants in such an amount as the proof at trial shall show,

(ii) Award the plaintiff prejudgment interest and costs; and

(iii) Grant other and such relief that this Court deems just and proper.

## COUNT V AND FIFTH CLAIM FOR RELIEF

### Robin M Craft
v.

CIT Bank, CIT Group Inc., John A Thain, HC Processing Center,
Dent A Med Inc. and Thomas Warren Center

### Harassment

31. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 inclusive with the same force and effect as if expressly set forth herein.

32. The defendants engaged in unfair and deceptive debt collection practices. The acts are intentional and were done with the sole purpose to bully and intimidate the plaintiff. The defendants designed a settlement release with terms designed to further harass and bully the plaintiff.

33. The defendant CIT Bank and HC Processing are habitual offenders in making excessive and abusive phones calls to its cardholders while attempting to collect on its own debts/ credit card accounts. The harassing phone calls are meant to be just that, HC Processing and Dent A Med called the plaintiffs in excess of ten calls a day. Under both Massachusetts and federal debt collection laws the defendant is prohibited to making such calls and the plaintiffs are entitled to recover for any call that is considered over and above the limit allowed and that was clearly meant to harass, abuse and intimidate the plaintiff.

WHEREFORE, the plaintiff prays that this Honorable Court:

(i)    Under Count V, enter judgment against the defendants in such an amount as the proof at trial will show;

(ii)   Award the plaintiff prejudgment interest and costs and;

(iii)  Grant such other and further relief as this Court Deems just and proper.

## COUNT VI

### Robin M Craft
v.

CIT Bank and HC Processing Center and Dent A Med Inc.

**Violation of G.L. c. 93A**

34. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 33 inclusive with the same force and effect as if expressly set forth herein.

35. The plaintiff has suffered substantial injury and loss as a result of the defendants negligence, and liability relative to these incidents was more than reasonably clear.

36. Nevertheless, the defendants in this action have failed and refused to make a reasonable settlement offer.

37. The defendants are engaged in trade or commerce within the meaning of G.L.c. 93A, §1.

38. The acts and practices alleged herein this Complaint constitute unfair and deceptive acts or practices in violation of G.L. c. 93 A, §§ 2, 9, 24b, 25, 27, 28, 49, 61, 66A 67.

39. The defendants uses or employs said acts or practices that are a willful or knowing violation of G.L. c. 93A.

40. In 2008, 2009 and 2010 the plaintiffs sent written demands for relief to the defendants as required by G.L. c. 93A §9.

41. Said written demand for relief alleged that the defendant is in violation of G.L. c. 93 A and as a result of the unfair, improper and deceptive handling of the plaintiff's claims, said claims include:

    (1) "Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising out of unfair and deceptive business practices".

    (2) "Refusing to settle claims without conducting a reasonable investigation upon all available information" G.L. c. 93-A.

    (3) "Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" G. L. c. 93-A

42. As a direct result of the foregoing acts and conduct the named defendant, the plaintiff has suffered damages.

WHEREFORE, the plaintiff prays that this Honorable Court:

(i) Determine the value of the damages the plaintiff has suffered as the result of the actions and conduct of the named defendants in this Complaint engaged in and enter judgment on behalf of the plaintiff;

(ii) Determine the value of damages the plaintiff has suffered as a result of all named defendant's actions and enter judgment on behalf of the plaintiffs in an amount up to three times, but not less than two times such value, pursuant to the provisions of G. L. c. 93A;

(iii) Grant such other and further relief as this honorable Court deems just and proper.

JURY DEMAND

The plaintiff demands a trial by jury to all Counts of this Complaint.

In addition the plaintiff states that relief is sought by the defendants removing all negative credit reporting from the plaintiffs history and compensate the plaintiff with a monetary settlement for all claims raised herein.

Dated: April 13, 2011

Robin M Craft pro se
2 Manila Ave Amesbury, MA 01913
978-504-9301